IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

EDWARD ANDREW PRATT )
)
v. ) No. 1:21-0041
)
KILOLO KIJAKAZI )
Commissioner of Social Security )

**To:** The Honorable William L. Campbell, Jr., District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Defendant" or "Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under Titles II and XVI, respectively, of the Social Security Act. The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket No. 25), to which Defendant has filed a response. (Docket No. 30.) Plaintiff has also filed a reply to Defendant's response. (Docket No. 31.) This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a Report and Recommendation. (Docket No. 7.)

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (Docket No. 25) be **DENIED**.

# I. INTRODUCTION

Plaintiff filed applications for DIB and SSI on November 2, 2018. (*See* Transcript of the Administrative Record (Docket No. 21) at 89-90.)[1] He alleged that he was unable to work, as of the alleged disability onset date of December 1, 2014, because of illiteracy, back problems, right shoulder problems, alcoholism, hearing problems, depression, vision problems, and arthritis. (AR 166, 175-76.)[2] The applications were denied initially and upon reconsideration. (AR 89-90, 120-21.) Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared and testified before ALJ Scott C. Shimer on July 28, 2020. (AR 29.) On September 2, 2020, the ALJ denied the claim. (AR 9-11.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 5, 2021 (AR 1-4), thereby making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed a complaint in this Court seeking review of the ALJ's decision.

# II. THE ALJ'S FINDINGS

The ALJ's unfavorable decision included the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2015.

2. The claimant has not engaged in substantial gainful activity since December 1, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: intellectual disability; learning disability; major depressive disorder (MDD); alcohol abuse in remission; degenerative joint disease (DJD); degenerative disc disease (DDD); and osteoarthritis (20 CFR 404.1520(c) and 416.920(c)).

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

[2] Plaintiff appears to have previously filed DIB and SSI applications on February 29, 2016, based on the same alleged onset date of December 1, 2014, both of which were denied on initial consideration. (AR 64-65.) These prior applications are not discussed elsewhere in the administrative record.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasional balancing, stooping, kneeling, crouching, and crawling and climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; frequent handling and fingering in right upper extremity; occasional overhead reaching with upper-right extremity; limited to simple, routine tasks with occasional workplace changes; occasional interaction with the general public; and first grade reading level and 3rd grade math.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 2, 1972 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

8. The claimant has a marginal education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 1, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(AR 14-22.)

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 551 (6th Cir. 2020) (internal citations omitted). If substantial evidence supports the ALJ's decision, that decision will be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words, the ALJ's decision must be affirmed if his or her "findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision." *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010).

The Commissioner utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. First, if the claimant is engaged in substantial gainful activity, he is not disabled. *Id*. Second, the claimant is not disabled if he does not have a severe medically

determinable impairment that meets the 12-month durational requirements. *Id.* Third, the claimant is presumed disabled if he suffers from a listed impairment, or its equivalent, for the proper duration. *Id.* Fourth, the claimant is not disabled if, based on his residual functional capacity ("RFC"), he can perform past relevant work. *Id.* Fifth, if the claimant can adjust to other work based on his RFC, age, education, and work experience, he is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the Commissioner at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 843 (M.D. Tenn. 2019) (citing *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991)). A reviewing court is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (citing *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

### B. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps but found at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff could not perform any past relevant work. At step five, the ALJ determined that Plaintiff's RFC allowed him to perform light work and that considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (AR 14-22.)

### C. Plaintiff's Assertion of Error

Plaintiff presents one assertion of error: that the ALJ improperly omitted certain mental limitations set forth by Paul Brown, a psychological consultative examiner, from the assigned RFC. (Docket No. 25-1 at 9.) Plaintiff therefore requests that the Commissioner's decision be reversed and remanded under sentence four of 42 U.S.C. § 405(g) for additional consideration. (*Id.* at 13.)

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

If the case contains an adequate record, "the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Hudson-Kane v. Berryhill*, 247 F. Supp. 3d 908, 914 (M.D. Tenn. 2017) (quoting *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)). However, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Holtman v. Saul*, 441 F. Supp. 3d 586, 609 (M.D. Tenn. 2020) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). The Court now turns to Plaintiff's assertion of error.

### 1. The RFC.

Plaintiff faults the ALJ for failing to incorporate into the RFC all of the mental restrictions proposed by Dr. Paul Brown, who completed a psychological consultative examination of Plaintiff on April 26, 2019. The report accompanying Dr. Brown's examination states somewhat ambiguously that "[i]t seems that [Plaintiff's] behavior would likely not be able to comply with social norms and rules," and that Plaintiff "is not able to perform and sustain simple and routine

6

activities for necessary periods of time." (AR 573.) Dr. Brown also opined that Plaintiff exhibited a "moderate" impairment in several areas of mental functioning, including "understanding/remembering," "social interaction," and "adapting to changes and requirements." (AR 573-74.) Additionally, Dr. Brown concluded that Plaintiff has a "moderate to marked" impairment in "concentration/persistence/pace," which is defined in the report as the "ability to make decisions, remember and carry out instructions, maintain schedules and attendance, sustain concentration for at least a 2 hour period, [and] persist during the day without interruption from psychological symptoms." (AR 573.)

When evaluating medical opinions, the presiding ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)," but is instead directed to consider the "persuasiveness" of the medical opinions based on five categories that include supportability, consistency, the provider's relationship with the claimant, the provider's specialization, and other factors such as familiarity with the disability program's policies. 20 C.F.R. § 404.1520c(a)-(c).[3] The ALJ in this case provided the following discussion of Dr. Brown's opinion and other evidence relating to Plaintiff's mental functioning:

> An April 2019 consultative examination conducted by Dr. Paul Brown, Ph.D., was telling (Ex. 10F). Particularly, the claimant was described as casually dressed with fair hygiene and grooming (Ex. 10F). He did not have any speech articulation issues. He had no stutter or hesitation, although he spoke slowly (Ex. 10F). Dr. Brown noted he had there was [sic] no difficulty understanding the claimant (Ex. 10F). There was no evidence of significant abnormal behavior or perceptions (Ex. 10F). This was consistent with reports indicating the his [sic] thought processes were linear and thought content had no evidence of delusional content (Ex. 11F). Eye contact was fair to good (Ex. 10F). Remote and recent memory were within normal limits (Ex. 10F). He was able to repeat 4 digits forward and 3 digits backward, and recalled 2 out of 5 words after a 5-minute interval (Ex. 10F). He knew the president of the United States, but could not remember the vice-president (Ex. 10F). At the conclusion of the consultative examination report, Dr. Brown opined the claimant moderate limitation [sic] in all four areas of mental functioning, but his ability to concentrate, persist, or maintain pace had a marked to moderate

---

[3] The corresponding regulation for SSI applications is found at 20 C.F.R. § 416.920c.

> ability to make decisions [sic], remember and carry out instructions, maintain schedules and attendance, sustain concentration for at least a 2-hour period, and persist during the day without interruption from psychological symptoms (Ex. 10F). The State agency also opined the claimant had moderate limitations in all four of the broad areas of mental functioning (Ex. 7A; 8A; 11A; 12A). The undersigned was persuaded by these opinions because their findings were consistent with and supported by the overall evidence, including the paragraph B findings above (Ex. 7A; 8A; 11A; 12A; 10F). Moreover, moderate limitations were consistent with and supported by the claimant's activities of daily living (Ex. 4E). Even with the claimant's substance abuse, the record showed the claimant had no more than moderate limitations (Ex. 3F; 4F; 9F; 10F). The claimant testified he now drink at most 2 beers sometimes [sic], he no longer drinks much during the day. Accordingly, the undersigned accommodated the claimant's impairments and symptoms by included above [sic] the mental limitations in the above residual functional capacity.

(AR 20.) Plaintiff argues that notwithstanding this discussion — in which the ALJ states that he is "persuaded" by the opinions provided by Dr. Brown and State agency psychologists that Plaintiff has moderate limitations in all four areas of mental functioning, including concentration/persistence/pace (AR 109, 115, 130, 137, 149, 156) — the RFC does not adequately address the "moderate *to marked*" aspect of Dr. Brown's opinion with respect to concentration, persistence, and pace.

The Court finds nothing that rises to the level of reversible error in the ALJ's analysis. It is evident from the above-quoted discussion – which is admittedly not a model of meticulousness – that the ALJ found only the "moderate" end, and not the "marked" side, of Dr. Brown's concentration/persistence/pace rating to be persuasive. Indeed, the ALJ groups Dr. Brown's opinion together with those provided by State agency consultants ("The undersigned was persuaded by these opinions …"), all of whom settled on "moderate" impairment with respect to concentration/persistence/pace. The ALJ makes this clear when evaluating the "paragraph B" criteria elsewhere in the opinion by noting that, based on Plaintiff's own reporting and Dr. Brown's assessment, he finds Plaintiff to have only a moderate limitation in concentration, persistence, and

8

pace. (AR 16.)[4] This conclusion is not incompatible with Dr. Brown's findings. *See Howard v. Colvin*, No. 1:14-cv-4, 2015 WL 137525, at *6 (E.D. Tenn. Jan. 6, 2015) (noting that an ALJ's finding of "moderate" restrictions in concentration, persistence, and pace was "within the range of limitation" opined by consultative mental examiner who found that claimant had "moderate to marked" impairment in concentration).

Because the ALJ determined that Plaintiff suffered from only a moderate impairment in concentration/persistence/pace, he was not required to include any additional mental limitations in the RFC. As noted above, the mental component of the RFC restricts Plaintiff to "simple, routine tasks with occasional workplace changes," as well as "occasional interaction with the general public" and tasks that do not require anything beyond a first-grade literacy level or a third grade understanding of math. (AR 17.) These limitations were based on testimony provided during the administrative hearing by a vocational expert, who stated that a hypothetical individual limited to "simple/routine tasks and only occasional workplace changes and only occasional interaction with the general public" would be able to perform multiple jobs in the national economy. (AR 57-59.) This hypothetical adequately described Plaintiff's moderate deficiencies in concentration, persistence, and pace. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014) ("[T]he limitation to simple, routine, and repetitive tasks adequately conveys Smith-Johnson's moderately-limited ability to maintain attention and concentration for extended periods."); *see also Hycoop v. Comm'r of Soc. Sec.*, No. 1:15-CV-795, 2016 WL 4500794, at *3 (W.D. Mich. Aug. 29, 2016) ("The ALJ found that Plaintiff had only moderate limitations with

---

[4] Paragraph B generally describes the functional criteria used by the Commissioner to evaluate how a mental disorder limits a claimant's functioning, including in the areas of: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 404, Subpt. P, App. 1.

9

regard to concentration, persistence or pace. Such limitations could be accommodated by performing simple, routine work.") (cleaned up) (citing *Smith v. Halter*, 307 F.3d 377, 378-79 (6th Cir. 2001)).

Plaintiff erroneously suggests that, based on its decision in *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010), the Sixth Circuit has adopted a blanket rule that an RFC limiting a claimant to "simple, routine, unskilled work does not constitute a limitation addressing a moderate limitation on concentration, persistence, or pace." (Docket No. 25-1 at 11.) The Sixth Circuit panel in *Ealy* instead found reversible error in the subject ALJ's decision to rely upon a psychological consultant's assessment without "fairly reflect[ing] that assessment" in a hypothetical to the vocational expert that omitted certain time and speed restrictions. 594 F.3d at 517. District courts in this circuit have repeatedly noted the narrow scope of *Ealy* and rejected the existence of any bright-line rule pertaining to concentration, persistence, or pace. *See, e.g., Hycoop*, 2016 WL 4500794, at *3 ("Unlike *Ealy*, the ALJ did not find that Plaintiff was subject to a specific speed and pace restriction (such as working two hour segments over an eight-hour day where speed was not critical)."); *Swanson v. Comm'r of Soc. Sec.*, No. 2:11-cv-1100, 2012 WL 2319250, at *5 (S.D. Ohio June 19, 2012) (upholding denial of disability benefits based on RFC limiting claimant with moderate impairment in concentration/persistence/pace to "simple, repetitive tasks," and distinguishing *Ealy* because the subject State agency reviewer on whose opinion the ALJ relied "did not, as did the reviewer in *Ealy*, make any comments about the need to segment the work day or to perform tasks where pace or speed were not critical"); *Jackson v. Comm'r of Soc. Sec.*, No. 1:10-cv-763, 2011 WL 4943966, at *4 (N.D. Ohio Oct. 18, 2011) ("*Ealy* does not require further limitations in addition to limiting a claimant to 'simple, repetitive tasks' for every individual found to have moderate difficulties in concentration, persistence, or pace ….

10

Instead, *Ealy* stands for a limited, fact-based, ruling in which the claimant's particular moderate limitations required additional speed- and pace-based restrictions."). The Sixth Circuit has in fact directly rejected the very argument Plaintiff currently asserts. *See Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016) ("Case law in this Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace. Therefore, Kepke's reliance on *Ealy* is misguided.").

Since the bright-line rule that Plaintiff proposes does not exist, the Court turns to its proper role in the pending matter, which is to "determine whether – given the unique circumstances of this case – the mental limitations included by the ALJ in the RFC are supported by substantial evidence." *Knapp v. Comm'r of Soc. Sec.*, No. 19-13326, 2020 WL 7776022, at *5 (E.D. Mich. Nov. 30, 2020), *report and recommendation adopted*, 2020 WL 7770890 (E.D. Mich. Dec. 30, 2020). Here, the ALJ posed a hypothetical to the vocational expert that sufficiently captured the mental limitations proposed by Dr. Brown and ultimately incorporated into the RFC, as was appropriate. *See Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003) ("In fashioning the hypothetical question to be posed to the vocational expert, the ALJ 'is required to incorporate only those limitations accepted as credible by the finder of fact.'") (quoting *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Because Plaintiff does not point to any record evidence to suggest that he has greater limitations than those identified by the ALJ, his argument fails. *See Lewicki v. Comm'r of Soc. Sec.*, No. 09-11844-BC, 2010 WL 3905375, at *3 (E.D. Mich. Sept. 30, 2010) ("There may be cases where such moderate limitations preclude the performance of even some simple, unskilled tasks. Plaintiff does not, however,

explain why the facts of this particular case require a more detailed hypothetical question to adequately account for his own moderate limitations in concentration, persistence, or pace.").

The Court pauses to address an issue raised in Plaintiff's reply brief regarding the elements necessary to form a medical opinion under the relevant regulations. It is true, as Defendant suggests in its response, that Dr. Brown's findings present a problem on review because they ascribe only broad "moderate" mental impairments and fail to delineate any specific functional limitations that could form the basis of an RFC formulation. *See* 20 C.F.R. § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions …"). However, there is nothing in the administrative opinion to indicate that the ALJ did not view Dr. Brown's report as an "opinion" for purposes of disability consideration; he instead used the same language to describe the evaluations of Dr. Brown and the State agency consultants – noting that "Dr. Brown opined the claimant [has] moderate limitation in all four areas of mental functioning …" and "the State agency also opined the claimant had moderate limitations in all four of the broad areas of mental functioning …." (AR 20.) And the ALJ clearly relied on the findings of Dr. Brown to conclude that Plaintiff has only moderate impairment in the areas of mental functioning evaluated under the paragraph B criteria. (AR 15-16.)

Nonetheless, there are certain aspects of Dr. Brown's report that appear to constitute the types of "conclusory statements" that ALJs are not bound to accept. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 441 (6th Cir. 2010). As noted above, Dr. Brown stated – in a section of the report separate from the "assessment of mental impairments" portion containing his moderate limitation findings – that "[i]t *seems* that [Plaintiff's] behavior *would likely not* be able to comply with social norms and rules," and that Plaintiff would not be "able to perform and sustain simple

12

and routine activities *for necessary periods of time*." (AR 573) (emphasis added.) Such amorphous descriptions without an explanation of the actual limitations imposed on Plaintiff are of little value to the ALJ's analysis, and they further remove the *Ealy* decision from having any application in this case. *Cf. Ealy*, 594 F.3d at 509, 516 (noting that the State agency opinion at issue contained a psychiatric review technique form and a mental RFC form that included concrete restrictions).

The ALJ in the current matter translated "moderate" findings set forth in the opinions of Dr. Brown and multiple State agency physicians into a hypothetical that adequately conveyed Plaintiff's mental condition to a vocational expert, then appropriately incorporated the limitations included in that hypothetical into the RFC based on the vocational expert's testimony confirming Plaintiff's ability to perform work in the national economy despite such limitations. The ALJ was not required to adopt the entire "moderate to marked" range of impairment in concentration/persistence/pace suggested in Dr. Brown's opinion, *see Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (noting that even when an ALJ assigns great weight to an opinion, the ALJ is not required to adopt the opinion "verbatim"), and he provided sufficient evidentiary support for declining to do so. (AR 15-16, 20.) The Court finds that substantial evidence supports the ALJ's determination and Plaintiff's assertion of error is therefore rejected.

## V. RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that Plaintiff's motion for judgment on the administrative record (Docket No. 25) be DENIED and the Commissioner's decision be affirmed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with

particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

                              Respectfully submitted,

                              BARBARA D. HOLMES
                              United States Magistrate Judge