IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| EDWARD ANDREW PRATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 1:21-cv-00041 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| KILOLO KIJAKAZI, ) | MAGISTRATE JUDGE FRENSLEY |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Edward Andrew Pratt brings this action under 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of the Social Security Administration's ("SSA") denial of his application for disability insurance benefits and supplemental security income. The Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 32), recommending Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 25) be denied. Plaintiff filed objections to the Report and Recommendation (Doc. No. 33).

### I. STANDARD OF REVIEW

The district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b)(1)(C); Local Rule 72.02; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court "may accept, reject, or modify, in whole

1

or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In Social Security cases under Title II, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. § 405(h). The Court's review of the decision (the "Decision") of the Administrative Law Judge ("ALJ") is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 28 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted). "The substantial evidence standard … presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Blakley*, 581 F.3d at 406 (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The Court defers to a decision by the ALJ that is supported by substantial evidence "even if there is substantial evidence on the record that would have supported an opposite conclusion." *Id*. (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Court's review of the Decision is limited to the record made during the hearing process. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 843 (M.D. Tenn. 2019). The administrative record has been filed on the docket in this case at Docket Entry No. 21 (hereinafter cited as "AR [page number]").

## II. ANALYSIS

Plaintiff's Motion for Judgment on the Administrative Record raised a single assertion of error – that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because the ALJ failed to incorporate all of the mental limitations set forth by Paul Brown, Ph.D., a psychological consultative examiner. (Doc. No. 25). Plaintiff complains that, despite finding Dr. Brown's opinion persuasive, the ALJ failed to incorporate Dr. Brown's opinion that Plaintiff had moderate to marked limitations in concentration, persistence, and pace, instead finding that Plaintiff only had moderate limitations in these areas. Plaintiff then argues if the ALJ found Dr. Brown's opinion persuasive only as to his opinion that Plaintiff had moderate limitations, the ALJ did not adequately explain his reasoning for reaching this conclusion. Finally, Plaintiff argues that the RFC limiting Plaintiff to "simple, routine tasks with occasional workplace changes; occasional interaction with the general public; and first grade reading level and 3rd grade math" does not address moderate or marked limitations in concentration, persistence, or pace.

Dr. Brown opined that Plaintiff exhibited a "moderate" impairment in several areas of mental functioning, including "understanding/remembering," "social interaction," and "adapting to changes and requirements." (AR 573-74). Dr. Brown added that Plaintiff had a "moderate to marked" impairment in "concentration/persistence/pace," which the report defines as the ability to make decisions, remember and carry out instructions, maintain schedules and attendance, sustain concentration for at least a 2 hour period, [and] persist during the day without interruption from psychological symptoms." (AR 573). In his analysis, the ALJ noted that "Dr. Brown opined the claimant [had] moderate limitation in all four areas of mental functioning, but his ability to concentrate, persist, or maintain pace had a marked to moderate ability to make decisions, remember and carry out instructions, maintain schedules and attendance, sustain concentration for

3

Case 1:21-cv-00041   Document 34   Filed 09/20/22   Page 3 of 6 PageID #: 778

a least a 2-hour period, and persist during the day without interruption from psychological symptoms." (AR 20). The ALJ stated that moderate limitations were consistent with the State Agency, which also opined the claimant had moderate limitations in all four broad areas of mental functioning, and consistent with and supported by Plaintiff's activities of daily living, which showed no more than moderate limitations. (AR 20 (citing Ex. 3F, 4F, 7A, 8A, 9F, 10F, 11A, 12A)).

The Magistrate Judge found that, although the administrative decision was "not a model of meticulousness," the ALJ did not commit reversible error. (Doc. No. 32 at 8). Examining the Decision as a whole, the Magistrate Judge concluded that "the ALJ found only the 'moderate' end, and not the 'marked' side of Dr. Brown's concentration/persistence/pace rating to be persuasive." (*Id.*). The Magistrate Judge found this reading of the Decision is consistent with the ALJ's findings elsewhere in the Decision that Plaintiff had a moderate impairment with respect to concentration, persistence, and pace based on Plaintiff's own reporting and Dr. Brown's assessment. (*Id.* at 8 (citing AR at 16)). Moreover, the Magistrate Judge reasoned that the paragraph as a whole, which groups Dr. Brown's opinions together with the opinions of the State agency consultants, all of which found moderate impairment, indicates that the ALJ found Dr. Brown's opinion that Plaintiff had moderate impairment in concentration, persistence, and pace to be persuasive.

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly accounted for Dr. Brown's opinion. (Doc. No. 33 at 1). Plaintiff argues that the Magistrate Judge "operated on pure speculation," mischaracterized the ALJ's Decision, and set a precedent for "allowing an ALJ to 'pick-and-choose' which portions of an opinion he finds persuasive without explanation." (*Id.* at 1-2). Plaintiff asserts that if the ALJ was only persuaded by the "moderate" portion of Dr. Brown's opinion he would have "likely declared the opinion *partially* persuasive or *mostly* persuasive," and

4

that the ALJ's failure to do so implies that he found the entirety of Dr. Brown's opinion persuasive. (*Id*. at 2 (emphasis in original)). Plaintiff adds that even if the ALJ did find only the "moderate" aspect of the opinion persuasive, he failed to adequately explain why the "marked" aspect was unpersuasive.

The Court disagrees. The ALJ's Decision adequately explains that he found the "moderate" aspect of Dr. Brown's opinion persuasive because the finding of moderate limitations aligned with the opinion of the State agency, and was consistent with the findings with regard to "paragraph B" and with Plaintiff's activities of daily living. (AR 20). In the "paragraph B" analysis, the ALJ found Plaintiff has moderate limitation in concentrating, persisting, or maintaining pace based on evidence from Dr. Brown and Plaintiff's own reporting. (AR 16 (citing Exs. 4E, 4F, 10F)). To be sure, the ALJ could have more precisely chosen his words and stated that Dr. Brown's opinion was partially or mostly persuasive. However, viewed in context, the failure to categorize the opinion in this way does not, as Plaintiff suggests, imply that the ALJ actually found the entirety of Dr. Brown's opinion persuasive.

In the Motion for Judgment on the Administrative Record, Plaintiff pointed to *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516-17 (6th Cir. 2010), for the proposition that an RFC determination that a plaintiff can perform simple, routine, unskilled work does not adequately address a claimant's moderate limitation on concentration, persistence, or pace. (Doc. No. 25-1 at 11-12). The Magistrate Judge rejected Plaintiff's contention that *Ealy* established a blanket rule, pointing out that district courts in this circuit have repeatedly noted the narrow scope of *Ealy* and rejected the existence of any bright-line rule pertaining to concentration, persistence, or pace. (Doc. No. 32 at 10 (collecting cases)). Plaintiff does not assert that the Magistrate Judge's finding regarding that application of *Ealy* was in error. He argues, however, that "even if the Magistrate

5

Judge correctly found that the RFC properly accounted for a *moderate* limitation, it would still not account for a *marked* to moderate limitation." (Doc. No. 33 at 3 (emphasis in original)).

Plaintiff's assertion of error in this regard is without merit. As stated above, the ALJ found that Plaintiff suffered from moderate impairment in concentration/persistence/pace. Therefore, he was not required to include additional limitations in the RFC.

Finally, Plaintiff objects to the Magistrate Judge's observation that "there are certain aspects of Dr. Brown's report that appear to constitute the types of 'conclusory statements' that ALJs are not bound to accept." (Doc. No. 33 at 3-4 (citing Doc. No. 32 at 12-13)). This observation was merely in the context of distinguishing *Ealy*, and was otherwise not determinative of the finding that substantial evidence supported the ALJ's determination.

### III. CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's determinations and the Plaintiff's objections, for the reasons stated herein, the Plaintiff's Objections are **OVERRULED** and the Report and Recommendation (Doc. No. 32) is **ADOPTED**. Plaintiff's Motion for Judgment Based on the Administrative Record (Doc. No. 25) is **DENIED** and the Commissioner's Decision is **AFFIRMED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE